[No. 7831.]

## CASTNER v. GRAY.

1. DIVORCE—*Appearance of Defendant—Effect*—Action by husband for a divorce. The wife's voluntary appearance dispenses with the service of process, and confers jurisdiction upon the court.

2. PLEADINGS—*Judgment on the Pleadings*—Where the reply admits the substantial averments of a sufficient answer defendant is entitled to a judgment on the pleadings; and a judgment accordingly, is not erroneous even though a demurrer pending to the replication remains undisposed of.

3. JUDGMENT—*Record Construed*—The record declaring that plaintiff ,elected to "stand upon his replication" held to show that a demurrer thereto was sustained.

*Error to Montrose District Court.*—Hon. SPRIGG SHACK-LEFORD, Judge.

Mr. DEXTER T. SAPP and Mr. JAMES B. NASH, for plaintiff in error.

Mr. HUGO SELIG and Mr. T. J. BLACK, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1. Plaintiff Castner alleges that he employed and paid the defendant Gray as an attorney at law, to bring a divorce action in the county court of Montrose county against his wife Nellie Castner; that the defendant did not use ordinary care and diligence in bringing, conducting and prosecuting the case for plaintiff in this: that he filed the complaint May 10, 1907, but neglected to issue any summons, and without causing such a writ to be issued or served on the defendant, induced the court to try the case the next day, and render judgment granting plaintiff a divorce; that his wife did not appear in the action, or at the trial, and the court acquired no jurisdiction over her person, so that on the 25th day of June, 1909, upon her motion the decree was vacated and set aside, thereby causing him large additional expense in re-trying the case, to his damage, etc.

Defendant in his answer admits that the case was tried, and a divorce decree entered May 11, 1907, against Nellie Castner without a summons being issued or served upon her;

but alleges that prior to the hearing she voluntarily entered her written appearance and consent to a trial at the convenience of the court, as follows:

"State of Colorado,

ss.                    County Court.

County of Montrose.

Quincey O. Castner,

*Plaintiff,*

vs.

Nellie Castner,

*Defendant.*

Action for Divorce.

Now comes defendant appearing in this action for divorce, and enters her appearance herein, and announces that the case may be called for hearing in its regular course and at the convenience of the court.

(Signed)   NELLIE CASTNER, Defendant."

Plaintiff in his replication admits that his wife entered her written appearance in the action in the manner and form as alleged in the answer; but denies that it was sufficient in law.

There were other matters pleaded; but this, we think, states the material issue in the case.

The record recites that a demurrer was filed to the replication, and the cause coming on to be heard, plaintiff elected to stand by his replication. Whereupon defendant moved for judgment on the pleadings, which was granted, and a judgment for costs entered against the plaintiff, who brings the case here on error.

2.   The record does not affirmatively say that the court passed on the demurrer, and it is urged that it was reversible error to entertain defendant's motion for a judgment on the pleadings without disposing of the demurrer. Plaintiff cannot complain here because the court did not dispose of the demurrer before rendering judgment on the pleadings. If, as a

matter of law, defendant was entitled to such a judgment, it could make no difference to plaintiff what became of that demurrer. Aside from this, the fact that the record recites that plaintiff elected to stand upon his replication, shows that the demurrer was sustained.

3. Mrs. Castner, knowing that her husband had filed an action for divorce, voluntarily entered her written appearance in the case, which, irrespective of what may be said regarding the regularity of the subsequent proceedings, was sufficient to confer jurisdiction over her person, and there was no necessity of serving her with summons. This issue being a matter of law, there was nothing to submit to the jury. The action of the court in entering a judgment for defendant on the pleadings was proper, and the judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.